**IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRIAN RUSSO, and similarly situated individuals,**<br><br>    Plaintiff,<br><br>vs.<br><br>**GOVERNMENT EMPLOYEES INSURANCE COMPANY D/B/A GEICO**<br><br>    Defendant. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Civil Case No.:**<br><br>**Jury Trial Demanded** |

Named Plaintiff BRIAN RUSSO ("Russo" or "Named Plaintiff Russo") on behalf of himself and all other similarly situated employees, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendant Government Employees Insurance Company d/b/a GEICO ("GEICO" or Defendant) and alleges as follows:

## **INTRODUCTION**

1. Named Plaintiff brings this lawsuit seeking recovery against GEICO for GEICO's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") (collectively the "NJWHL"), and the New Jersey Wage Payment Law, 34:11-4.10 ("NJWPL").

2. Named Plaintiff Russo brings this lawsuit against GEICO as a collective action on behalf of himself and all other persons similarly situated –auto damage adjusters I, II, and II, residential adjusters I, II, and II, and catastrophic adjusters I, II, and III (collectively, "adjusters") who performed employment duties for the benefit of GEICO and its customers

1

in GEICO's Region 8 -who suffered damages as a result of GEICO's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and as a class action pursuant to Rule 23.

3. During the period relevant to this action, September 2018 through the date of judgment in this action (hereafter, the "relevant period"), GEICO carried out an unlawful payroll policy and practice of requiring Named Plaintiff Russo and other similarly situated adjusters in GEICO's Region 8 to regularly perform compensable work duties for the benefit of GEICO and its customers without providing all non-overtime and overtime compensation as required by applicable Federal and New Jersey state laws.

4. Named Plaintiff Russo has initiated this action on behalf of himself and all other similarly situated adjusters employed by GEICO in GEICO's Region 8 to recover non-overtime and overtime compensation that Named Plaintiff Russo and other similarly situated adjusters were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff Russo's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff Russo's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff Russo performed non-exempt adjuster duties for the GEICO and GEICO's customers in New Jersey and surrounding states.

9. During the relevant period, Named Plaintiff Russo primarily performed employment duties for the benefit of GEICO and its customers in Lodi, New Jersey, Garfield, New Jersey, Fair Lawn, New Jersey, Elmwood Park, New Jersey, Paramus, New Jersey, Ramsey, New Jersey, Wyckoff, New Jersey, North Haledon, New Jersey, Paterson, New Jersey, Newark, New Jersey, Bloomfield, New Jersey, Wayne, New Jersey, Morristown, New Jersey, and Livingston, New Jersey. GEICO is therefore within the jurisdiction and venue of this Court.

10. At all times relevant, GEICO is and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

11. At all times relevant, GEICO operated and continues to operate as an insurance company, providing insurance and related services to customers in New Jersey and all fifty (50) states.

12. At all times relevant, Named Plaintiff Russo and the similarly situated adjusters worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce.

13. Named Plaintiff Russo and the similarly situated adjusters fall within the protections of the FLSA.

**PARTIES**

14. Named Plaintiff Russo is an adult individual who is a resident of North Haledon, New Jersey.

15. Named Plaintiff Russo was employed by GEICO as an adjuster in GEICO's Region 8, performing auto damage adjuster and related work duties for the benefit of GEICO and its customers primarily within the State of New Jersey during the period of about October 2013 through about May 2021.

16. GEICO is a business entity formed under the laws of the State of Nebraska with a primary business office located in Chevy Chase, Maryland.

17. At all times relevant, GEICO employed and continues to employ individuals to perform adjuster and related labor services on behalf of the GEICO within the State of New Jersey and in all fifty (50) states.

## FACTS

18. While employed, Named Plaintiff Russo typically and customarily performed compensable adjuster and related job duties for the benefit of GEICO and its customers Monday through Friday, from about 8:00 AM until about 5:30 PM – 6:00 PM, and as needed, later in the evening and occasionally on weekends.

19. During the relevant period, other similarly situated adjusters employed by GEICO in its Region 8 customarily performed compensable adjuster and related job duties for the benefit of GEICO for about 40-50, and often more hours per week.

20. During the relevant period, Named Plaintiff Russo did not typically or customarily cease performing his compensable adjuster work duties for the benefit of GEICO during workdays for a 45-minute meal period, or a bona fide meal period of any significant length.

21. During the relevant period, other similarly situated adjusters employed by GEICO in its Region 8 did not typically or customarily cease performing his/her compensable adjuster work duties for the benefit of GEICO during workdays for a 45-minute meal period, or a bona fide meal period of any significant length.

22. During the relevant period, GEICO paid Named Plaintiff Russo and other similarly situated adjusters in GEICO's Region 8 a flat weekly salary or at an hourly rate designed and intended to compensate Named Plaintiff Russo and the other similarly situated adjusters for 7.75 hours per day or 38.75 hours per week (8:00 AM – 4:30 PM, with no wages paid for a

4

45-minute meal period = 7.75 hours per day) * 5 days per week = 38.75 hours per week).

23. During the relevant period, GEICO directed Named Plaintiff Russo and other similarly situated Region 8 adjusters to enter 7.75 hours of compensable time per day on employee time records to ensure overtime and, by extension, time-and-one-half overtime wages would not be due and owing to non-exempt employees like Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters.

24. Through GEICO company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters to customarily enter 7.75 hours of compensable time per day notwithstanding that Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters regularly and customarily worked more between 8-10 hours per day and, by extension, about 40-50 or more hours per week.

25. Through GEICO company-wide policies and business practices, GEICO instructed the supervisors for Named Plaintiff Russo and other similarly situated Region 8 adjusters to inform Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters that 7.75 hours per day was sufficient if Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters were working hard and doing their job.

26. During the relevant period, GEICO evaluated and/or rated Named Plaintiff Russo and/or any other similarly situated GEICO Region 8 adjusters in such a way that if Named Plaintiff Russo or other similarly situated adjusters informed GEICO that he/she worked more than 7.75 hours in a day, the additional working hours evinced poor work performance.

27. During the relevant period, GEICO created a company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for Named Plaintiff

5

Russo and other similarly situated GEICO Region 8 adjusters' career to stay quiet and allow GEICO to steal their hours/wages rather than speak up, complain about additional compensable work hours, and risk a poor workplace reputation, negative performance reviews, and risk additional negative workplace consequences.

28. At all times relevant, GEICO had actual knowledge through monitoring employee phone calls, text messages, emails, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate and that Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters regularly and customarily worked more than 7.75 hours per day and more than forty (40) hours per week.

29. At all times relevant, GEICO had actual or constructive knowledge and otherwise suffered or permitted Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters to perform compensable work duties over 7.75 hours per day and more than forty (40) hours per week.

30. On some occasions, GEICO approved Named Plaintiff Russo and/or other similarly situated GEICO Region 8 adjusters' compensable work exceeding 7.75 hours per day and/or 40 hours per week. These instances, customarily, occurred when GEICO directed Named Plaintiff Russo or other similarly situated GEICO Region 8 adjusters to service additional GEICO customers. In these instances, GEICO paid Named Plaintiff Russo and/or other similarly situated GEICO Region 8 adjusters for some, but not all compensable hours worked.

31. At all times relevant, GEICO had actual knowledge that it was obligated under the FLSA and New Jersey law to track and record Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters' compensable hours accurately and with precision.

32. At all times relevant, GEICO had actual knowledge that its failure to track and record Named

Plaintiff Russo and other similarly situated GEICO Region 8 adjusters' compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA and New Jersey law record keeping requirements.

33. At all times relevant, GEICO had actual knowledge that it was obligated to pay Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters all wages due and owing for all hours Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters worked each week and pay Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters' overtime wages at the time-and-one-half rate for overtime Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters worked over forty (40) hours each week.

34. At all times relevant, GEICO had actual knowledge that its failure to pay Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters all wages due and owing for all hours Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters worked each week and its failure to pay Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters overtime wages at the time-and-one-half rate for all overtime Named Plaintiff Russo and other similarly situated GEICO Region 8 adjusters worked over forty (40) hours each week was in direct violation of GEICO's FLSA and New Jersey wage payment obligations.

## CLASS AND COLLECTIVE ALLEGATIONS

35. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

36. This action is brought on behalf of Named Plaintiff Russo and a putative collective

consisting of similarly situated individuals who are or were who employed by GEICO as adjusters in GEICO's Region 8 during the period September 2018 through the date of judgment in this action.

37. The Named Plaintiff Russo and potential plaintiffs who elect to opt-in as part of the collective action are all victims of GEICO's common policy and/or plan to violate the FLSA, NJWHL, and NJWPL by failing to fully pay Named Plaintiff Russo and the other similarly situated GEICO Region 8 adjusters all non-overtime and overtime wages due and owing for employment work duties performed for the benefit of GEICO and its customers each week.

38. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to exceed 50 employees. In addition, the names of all potential members of the putative class are not known.

39. The claims of Named Plaintiff Russo are typical of the claims of the putative class. Named Plaintiff Russo and the putative class members were all subject to GEICO's policies and willful practices of (i) automatically deducting a 45-minute meal period from adjusters' compensable time and pay and (ii) failing to pay wages for compensable overtime and non-overtime hours worked performed for the benefit of GEICO and its customers exceeding 7.75 hours per day and/or 38.75 hours per week.

40. GEICO's unlawful pay practices and payroll policies resulted in a class-wide failure by GEICO to pay Named Plaintiff Russo and other similarly situated adjusters all earned non-overtime wages and overtime wages due and owing each pay period.

41. Named Plaintiff Russo and the putative class members have sustained similar injuries arising from GEICO's common and class-wide unlawful payroll practices and policies.

42. GEICO uniformly applied the same time keeping and payroll policies, practices, and

procedures to all adjusters who work or worked for GEICO in GEICO's Region 8.

43. Named Plaintiff Russo and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff Russo has retained counsel experienced in complex wage and hour class and collective action litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiff Russo and the putative class lack the financial resources to adequately prosecute separate lawsuits against GEICO. Furthermore, the damages for adjuster are small compared to the expense and burden of individual prosecution of this litigation.

45. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

46. Named Plaintiff Russo's claims under the NJWHL, and all other applicable state laws, are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

47. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the GEICO's policies.

## CAUSES OF ACTION

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

48. Named Plaintiff Russo re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

49. Named Plaintiff Russo is entitled to compensation for each of his overtime hours worked each work week.

50. All similarly situated adjusters of GEICO are similarly owed their overtime rate for each and

every overtime hour they worked and were not properly paid.

51. GEICO knowingly and willfully failed to pay Named Plaintiff Russo and other similarly situated adjusters at time and one half of their regular rate of pay for all of their overtime hours worked.

52. GEICO knowingly and willfully failed to pay Named Plaintiff Russo and other similarly situated adjusters for all hours that they worked.

53. By reason of the said intentional, willful, and unlawful acts of GEICO, Named Plaintiff Russo and those similarly situated adjusters have suffered damages plus incurring costs and reasonable attorneys' fees.

54. Because GEICO's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. Because GEICO's violations of the Act were not the product of objective good faith or otherwise objectively excusable, Named Plaintiff Russo and those similarly situated adjusters are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

56. Named Plaintiff Russo re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

57. GEICO's aforementioned conduct is in violation of the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") (collectively the "NJWHL"), in that GEICO willfully failed to pay the Named Plaintiff Russo and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for GEICO.

58. As a direct and proximate cause of GEICO's actions, Named Plaintiff Russo and those similarly situated employees suffered damages, including but not limited to past lost earnings.

### COUNT III
### FAILURE TO PAY AGREED UPON WAGES
### PURSUANT TO NJWPL

59. Named Plaintiff Russo re-alleges, and incorporates here by reference, all allegations contained in the above Paragraphs.

60. Named Plaintiff Russo and each of the other similarly situated adjusters are entitled to be paid for all non-overtime hours worked each week at the wage rate which Named Plaintiff Russo and each similarly situated adjuster and GEICO agreed upon at the commencement of his/her employment.

61. GEICO knowingly failed to pay Named Plaintiff Russo and the similarly situated adjusters the full amount of their earned non-overtime wages that he/she and GEICO agreed upon at the commencement of his/her employment.

62. As a result of GEICO's knowing violation of the Act, Named Plaintiff Russo and each other similarly situated adjuster is entitled to his lost non-overtime wages as well as liquidated damages in the amount of 200% and reasonable costs and attorneys' fees associated with the prosecution of this claim.

### JURY TRIAL

63. Named Plaintiff Russo and the similarly situated adjusters demand a jury trial.

WHEREFORE, Named Plaintiff Russo, individually and on behalf of all other similarly situated employees, seek the following relief:

(1) on their first cause of action, against GEICO in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages,

interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) on their third cause of action, in an amount to be determined at trial, plus liquidated damages as provided by the NJWPL in the amount of 200% the amount of unpaid wages, interest, attorney's fees, and costs; and

(4) Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated:  September 20, 2021            Respectfully submitted,

 /s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com
Jodi J. Jaffe, Esquire
E-mail: Jjaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308

__/s/_Gregg C. Greenberg
Gregg C. Greenberg
(To Be Admitted by Pro Hac Vice)
Email:  ggreenberg@zagfirm.com
**ZIPIN, AMSTER & GREENBERG, LLC**
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Attorneys for Named Plaintiff Russo*
*and the Putative Class*