**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BRIAN RUSSO, *et al.*,

    Plaintiffs,

    v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY d/b/a GEICO,

    Defendant.

Case No. 2:21-cv-17234 (BRM) (JBC)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is Plaintiff Brian Russo's ("Russo"), individually and on behalf of all others similarly situated, Motion for Conditional Certification and Notice to putative class members. (ECF No. 14.) Defendant Government Employees Insurance Company d/b/a GEICO ("GEICO") opposes the motion (ECF No. 21), and Russo filed a reply (ECF No. 23). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Russo's Motion is **GRANTED**.

**I.   BACKGROUND**

    This action arises out of an alleged failure to compensate employees for overtime work in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Compl. (ECF No. 1).) GEICO is an insurance company which employs individuals to perform adjuster-related services on its behalf. (*Id*. ¶¶ 11, 17.) Russo was employed by GEICO as an adjuster in the State of New Jersey. (*Id*. ¶ 9.) Russo brings a putative collective action on behalf of all individuals

employed by GEICO in New Jersey as auto damage adjusters I, II, and III, residential adjusters I, II and III, and catastrophic adjusters I, II, and III (collectively, "New Jersey Adjusters"). (*Id.* ¶ 2.) Russo claims during the relevant period of September 2018 to May 2021 (the "Relevant Period"), GEICO carried out a company-wide policy of pressuring Russo and other New Jersey Adjusters to work more than forty hours per week while directing them to record less than forty compensable work hours per week in violation of the FLSA. (*Id.* ¶ 3.) Russo also alleges GEICO automatically deducted a daily forty-five-minute meal period from compensable time even though Russo and other New Jersey Adjusters did not regularly cease working during their meal breaks. (*Id.* ¶¶ 20–21, 39.) As a result of this policy and practice, Russo asserts GEICO failed to pay him and other New Jersey Adjusters wages at the time-and-one-half rate for all overtime worked over forty hours per week as required by the FLSA. (*Id.* ¶¶ 3–4, 39–40.)

On September 20, 2021, Russo filed his complaint on behalf of himself and the New Jersey Adjusters. (ECF No. 1.) On March 1, 2022, Russo filed a motion for conditional certification and notice to putative collective action members. (ECF No. 14.) Russo accompanied his motion with a declaration. (Pl.'s Mot. Br., Russo Decl. (ECF No. 14-2).) The declaration affirms Russo worked as an Auto Damage Adjuster at GEICO in New Jersey during the Relevant Period. (*Id.* ¶ 7.) While performing his duties, Russo alleges GEICO pressured him and other New Jersey Adjusters to report working 7.75 hours per day and 38.75 hours per week on their time sheets despite regularly working between eight to ten hours per day and about forty to fifty hours per week. (*Id.* ¶ 14.) Russo claims GEICO achieved this by implementing "company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences." (*Id.*) Russo further explains the adverse employment consequences of not complying to the underreporting behavior may include discipline from superiors, being placed in

2

a performance improvement plan, and possible termination. (*Id*. ¶ 15.) Russo alleges GEICO had actual knowledge of these FLSA violations through "internal employee surveys, employee complaints, text messages, emails, VPN monitoring, employee claims management systems, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate." (*Id*. ¶ 18.)

Russo seeks to conditionally certify the following group of potential plaintiffs: "all individuals who work or worked for GEICO as [New Jersey Adjusters] within New Jersey at any time during the [Relevant Period]." (ECF No. 14-1 at 11.) Russo states the New Jersey Adjusters who work or have worked for GEICO within the last three years and were not paid by GEICO at the time-and-one-half rate for all overtime worked should receive notice of this action. (ECF No. 14-2 ¶ 23.) Russo claims he has spoken to other GEICO Adjusters in New Jersey who have confirmed the general allegations in his suit and these individuals are "fearful of GEICO taking steps to retaliate against them if they join this action and pursue a claim for unpaid FLSA overtime compensation." (*Id*.) According to Russo, GEICO is in possession of personal contact information for New Jersey Adjusters who worked within New Jersey during the Relevant Period. (*Id*. ¶ 24.)

On April 8, 2022, GEICO filed an opposition to the motion. (ECF No. 21.) On April 15, 2022, Russo filed a reply. (ECF No. 23.)

**II.   DECISION**

Russo seeks conditional certification to facilitate notice of this action to similarly situated individuals. (ECF No. 14-1 at 1.) GEICO opposes conditional certification, arguing the claims are individualized and cannot be decided on a collective action basis. (ECF No. 21 at 1.) In the alternative, GEICO requests several modifications to Russo's proposed notice should conditional certification be granted. (*Id.* at 18.) The Court addresses each in turn.

### A. Conditional Certification

GEICO argues Russo fails to establish whether conditional certification is warranted because the declaration on which Russo relies lacks sufficient evidence to show he and the other New Jersey Adjusters are similarly situated. (ECF No. 21 at 10–13.) GEICO also asserts its automatic meal deduction policy is lawful and Russo's claims of implicit pressure to underreport hours is not supported by substantial evidence. (*Id.* at 13.) GEICO further contends Russo's claims are too individualized to be applied to a collective action, asserting whether an adjuster worked overtime and failed to report his or her correct time is unique to each individual employee. (*Id.* at 13–17.) GEICO claims there are individualized issues as to whether GEICO had actual or constructive notice of unpaid overtimes, adding there is no reason to believe all of GEICO's supervisors were aware of unpaid overtime. (*Id.* at 17–18.)

Russo argues he met his burden to qualify for conditional certification. (ECF No. 14 at 1.) He asserts he spoke with other New Jersey Adjusters who have not yet joined this action but affirm they were victims of GEICO's class-wide unlawful payroll practices. (ECF No. 23 at 2.) Russo contends GEICO's merits-based opposition fails as a basis to deny conditional certification because evidence submitted through declarations, including hearsay statements, is sufficient to allow conditional certification at this early stage. (*Id.* at 9–12.)

Under the FLSA, a plaintiff may seek to sue on behalf of herself and a collective of "similarly situated" employees.[1] 29 U.S.C. § 216(b); *Genesis Healthcare Corp. v. Symczyk*, 569

---

[1] Title 29, § 216(b) of the U.S. Code provides a private right of action to recover for violations of the FLSA, specifically failure to pay the minimum wage prescribed under 29 U.S.C. § 206 and overtime rates prescribed under 29 U.S.C. § 207. As to overtime, the statute provides "no employer shall employ any . . . employees . . . for a workweek longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). "Pursuant to 29 U.S.C. § 216(b), an employee who has been

U.S. 66, 69 (2013) ("A suit brought on behalf of other employees is known as a 'collective action.'"). The FLSA requires potential members of a collective action to opt-in through written consent filed with the court. *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 452 (D.N.J. 2011). The Third Circuit outlined a two-step process for determining whether a plaintiff's FLSA suit may proceed as a collective action. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013).

"The first step, so-called conditional certification, requires a named plaintiff to make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (quoting *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012)). If the named plaintiff satisfies her burden, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Camesi*, 729 F.3d at 243. Therefore, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Symczyk*, 569 U.S. at 75 (citations omitted).

The second step, referred to as the "final certification" step, occurs after the benefit of discovery and requires a plaintiff to establish by a preponderance of the evidence that the named plaintiff and opt-in plaintiffs are similarly situated. *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675,

---

denied overtime compensation may bring an action 'for and in behalf of himself or themselves and other employees similarly situated' who were affected by their employer's common policy. *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 386 (D.N.J. 2010).

681 (D.N.J. 2014) (citing *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 78 (D.N.J. 2014)). At the second step, a court makes "a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiffs." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013). At this stage, "the court considers whether individualized differences among the plaintiffs make the claims more suitable for individualized, as opposed to class, treatment." *Steinberg v. TD Bank, N.A.*, Civ. A. No. 10-5600, 2012 U.S. Dist. LEXIS 89086, at *19 (D.N.J. June 27, 2012).

Unlike the final certification step, conditional certification is "not a true certification, but rather an exercise of the court's discretionary authority to oversee and facilitate the notice process." *Halle*, 842 F.3d at 224. The merits of a plaintiff's underlying FLSA claim are not assessed at the conditional certification stage. *Goodman v. Burlington Coat Factory*, Civ. A. No. 11-4395, 2012 U.S. Dist. LEXIS 166910, *24 (D.N.J. Nov. 20, 2012). Rather, the Third Circuit has instructed courts to apply "a 'fairly lenient standard' at the first step" in order to "make[] a preliminary determination as to whether the named plaintiffs have made a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Camesi*, 729 F.3d at 243 (quoting *Zavala*, 691 F.3d at 536 n.4). Consequently, "some courts have required nothing more than 'substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Moeck v. Gray Supply Corp.*, Civ. A. No. 03-1950, 2006 U.S. Dist. LEXIS 511, at *12–13 (D.N.J. Jan. 5, 2006) (citing *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).

"A 'modest factual showing' requires the plaintiff to 'produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Adami*, 299 F.R.D. at 78 (quoting

*Zavala*, 691 F.3d at 536 n.4); *Symczyk*, 656 F.3d at 193. In making this determination, a court examines "both the pleadings and affidavits in support of or in opposition to the proposed collective action." *Pearsall-Dineen v. Freedom Mortg. Corp.,* 27 F. Supp. 3d 567, 569 (D.N.J. 2014); *see also Ying Yang v. Vill. Super Mkt., Inc.,* Civ. A. No. 18-10486, 2019 U.S. Dist. LEXIS 46230, at *7–8 (D.N.J. Mar. 20, 2019) (finding at the conditional certification stage, courts "routinely permit plaintiff[s] to submit 'evidence through . . . declarations, including any hearsay statements contained therein'") (citation omitted)); *Asirifi v. W. Hudson Sub-Acute Care Ctr., LLC*, Civ. A. No. 11-04039, 2014 U.S. Dist. LEXIS 9281, at *4 (D.N.J. Jan. 24, 2014) ("At this stage, the court usually only has evidence before it in the form of pleadings and affidavits, so it uses a fairly lenient standard to determine whether potential collective action members are similarly situated and the court's determination 'typically results in conditional certification of a representative class.'") (citing *Herring v. Hewitt Assocs., Inc.*, Civ. A. No. 06-267, 2007 U.S. Dist. LEXIS 53278 at *7 (D.N.J. July 27, 2007)). If the plaintiff satisfies this burden, "the court 'conditionally certifies' the collective action for the purposes of notice and pretrial discovery." *Adami*, 299 F.R.D. at 78 (citing *Zavala*, 691 F.3d at 536). Notwithstanding, even if the court grants conditional certification and approves dissemination of notice to putative plaintiffs, "there is nothing to prevent a court from 'modifying or reversing a decision on similar situations at a later time in the action, as new facts emerge.'" *Herring*, 2007 U.S. Dist. LEXIS 53278, at *12 (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

Here, Russo sufficiently advances allegations and evidence to make a "modest factual showing" of a nexus between the manner in which GEICO's alleged policy affected Russo and the manner in which it affected the proposed collective class members. *Halle*, 842 F.3d at 224. Russo attests he and the New Jersey Adjusters performed substantially similar job duties during the

7

Relevant Period under a common compensation plan put in place by GEICO. (ECF No. 14-2 ¶ 7.) Russo alleges he and the New Jersey Adjusters were subject to the same company-wide policy that directed workers to record fewer hours than actually performed and automatically deducted meal breaks from compensable time regardless of whether employees took time off to eat. (*Id.* ¶ 11.) Despite regularly working more than forty hours per week, Russo claims he and the other New Jersey Adjusters were customarily paid for 7.75 hours per day and 38.75 hours per week. (*Id.* ¶ 12.) As a result of this company-wide policy and practice, Russo contends he and the New Jersey Adjusters suffered the same harm because they were not compensated at the time-and-one-half rate for all overtime worked in excess of forty hours per week as required by the FLSA.

In sum, evidence beyond pure speculation supports Russo and the New Jersey Adjusters performed similar work for the same employer, were subject to the same scheme, and suffered the same type of harm arising from the same alleged FLSA violation. At this stage, there are substantial allegations to demonstrate Russo and the New Jersey Adjusters "were together the victims of a single decision, policy, or plan." *Morisky*, 111 F. Supp. 2d at 497; *see Manning v. Goldbelt Falcon, LLC*, Civ. A. No. 08-3427, 2010 U.S. Dist. LEXIS 104029, at *6–7 (D.N.J. Sep. 29, 2010) ("The 'substantial allegations' standard is met when plaintiffs show that they and the potential class allegedly suffered from a common scheme from their employers."). Therefore, Russo has met the requisite showing of a factual nexus between himself and the other New Jersey Adjusters to warrant conditional certification.

To the extent GEICO contends there is no evidence of an unlawful company-wide policy or practice, "[t]he court does not consider the merits of the dispute at this time, and the plaintiff must only demonstrate that the potential class members' positions are similar, not identical, to his own." *Steinberg*, 2012 U.S. Dist. LEXIS 89086, at *12 (citation and quotation marks omitted); *see*

8

*also Adami*, 299 F.R.D. at 78 (finding "[t]he first step, commonly referred to as the notice stage, occurs early in the litigation when the court has minimal evidence"). Indeed, at this stage, it is sufficient to show Russo and the New Jersey Adjusters allegedly suffered from the same scheme to warrant conditional certification. *See Manning*, 2010 U.S. Dist. LEXIS 104029, at *7 (holding conditional certification is appropriate when "the plaintiff and the proposed representative class members allegedly suffered from the same scheme"); *Aquilino v. Home Depot, Inc.*, Civ. A. No. 04-4100, 2006 U.S. Dist. LEXIS 66084, at *5 (D.N.J. Sept. 6, 2006) (requiring a "factual nexus" between the named plaintiffs and potential opt-in plaintiffs). Although GEICO maintains Russo's claims are too individualized for collective adjudication, whether the differences among plaintiffs make their claims more suitable for individualized or class treatment is an appropriate inquiry at the second step of certification. *See Goodman*, 2012 U.S. Dist. LEXIS 166910, at *26 (finding the individual differences "inquiry necessarily addresses the merits of [p]laintiffs' claim and is therefore premature" at the conditional certification stage); *Steinberg*, 2012 U.S. Dist. LEXIS 89086, at *24 ("[I]ssues of individualized proof and defenses are more appropriately addressed at the second stage of certification."); *Maddy*, 59 F. Supp. 3d at 685 (finding concern for claims being too individualized is premature at the conditional certification stage). Accordingly, Russo's request for conditional certification is **GRANTED**.

      **B.**    **Notice**

Russo also requests approval of proposed procedures for notifying the putative class members. Russo seeks an order requiring GEICO to disclose within ten days the names, last known home addresses, business and home email addresses, and home and cellular telephone numbers of the potential opt-in plaintiffs. (ECF No. 14-1 at 11.) Russo further requests the proposed notices be sent to each putative class member via first class, email, and text message. (*Id.* at 11–12.)

9

GEICO objects to the proposed notice and procedure. (ECF No. 21 at 18.) GEICO requests the notices should be limited to a single mailing notice, the deadline for producing the mailing list should be ten business days, and the eligibility date on the notice should be three years prior to the date the mailing list is due. (*Id.* at 18–19.)

"Following the grant of conditional certification under the FLSA, courts possess broad discretion to provide court-facilitated notice." *Ritzer v. UBS Fin. Servs.*, Civ. A. No. 08-01235, 2008 U.S. Dist. LEXIS 71635, at *9 (D.N.J. Sept. 22, 2008) (citing *Hoffman La-Roche v. Sperling*, 493 U.S. 165, 170 (1989). In determining the scope of the notice, courts must "strike the appropriate balance in ensuring notification to the [potential class] while minimizing disturbance to [defendant's] business." *Steinberg* 2012 U.S. Dist. LEXIS 89086, at *16 (citing *Hallissey v. Am. Online, Inc.*, Civ. A. No. 99-3785, 2008 U.S. Dist. LEXIS 18387, at *9 (S.D.N.Y. Feb. 19, 2008)); *Bellan v. Capital BlueCross*, 496 F. Supp. 3d 854, 860 (M.D. Pa. 2020) (denying the plaintiff's request for notice via text message to limit the "potential for overly-duplicative and unnecessary forms of notice"). Courts have found "first class mail and home addresses are generally deemed sufficient, and additional information and contact methods are typically provided only if necessary." *Steinberg*, 2012 U.S. Dist. LEXIS 89086, at *18–19; *see also Bredbenner v. Liberty Travel, Inc.*, Civ. A. No. 09-00905, 2009 U.S. Dist. LEXIS 67122, at *10 n.3 (D.N.J. July 31, 2009) ("Courts generally release social security numbers only after notification via first class mail proves insufficient."); *Ritzer*, 2008 U.S. Dist. LEXIS 71635, at *11 ("Unless notification via first class mail proves insufficient, social security numbers and telephone numbers should not be released.").

Here, as the initial approach, notice by way of first-class mail and electronic mail is sufficient for reaching the opt-in plaintiffs. *See Gilbertson v. J. Givoo Consultants I, Inc.* Civ. A.

10

No. 20-6991, 2021 U.S. Dist. LEXIS 33233, *3–4 (D.N.J. Feb. 23, 2021) ("The practice of permitting notice by USPS and additional electronic means, including email and text messaging, finds ample support in this district."). The use of both first-class mail and electronic mail are to supplement each other if one method fails to reach the opt-in plaintiff. *See Sanchez v. Santander Bank, N.A.*, Civ. A. No. 17-5775, 2019 U.S. Dist. LEXIS 198094, at *8 (D.N.J. Nov. 15, 2019) (finding "courts in this District have found notice by electronic means in conjunction with first class mail to be an appropriate method of facilitating notice"); *see also, e.g., Ornelas v. Hooper Holmes, Inc.*, Civ. A. No. 12-3106, 2014 U.S. Dist. LEXIS 172903, at *13 (D.N.J. Aug. 1, 2014); *Gervasio v. Wawa Inc.*, Civ. A. No. 17-245, 2018 U.S. Dist. LEXIS 4899, at *18 (D.N.J. Jan. 10, 2018); *Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.*, Civ. A. No. 17-8043, 2018 U.S. Dist. LEXIS 192061, at *14 (D.N.J. Nov. 9, 2018). Delivery via first-class mail and electronic mail have been utilized in conjunction as an appropriate form of notice by this Court to inform potential plaintiffs of their ability to opt-in to a pending lawsuit. *Sanchez v. Santander Bank, N.A.*, Civ. A. No. 17-5775, 2019 U.S. Dist. LEXIS 198094, at *9–10 (D.N.J. Nov. 15, 2019) (finding notice via mail and electronic mail sufficient to ensure potential collective action members receive accurate and timely notice of the action); *Pearsall-Dineen*, 27 F. Supp. 3d at 573 (permitting notice to be sent by mail and email to potential plaintiff members). Accordingly, dissemination of the proposed notice via first-class mail and electronic mail is sufficient to inform those within the conditionally certified class of their ability to join the putative collective action.

### III. CONCLUSION

For the reasons set forth above, Russo's motion for conditional certification and notice to putative class members is **GRANTED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Date: August 3, 2022